# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00766-CR

**David Bruce Townsend, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-2005904087, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Bruce Townsend was charged with committing the offense of driving while intoxicated on January 26, 2004. The indictment alleged two prior convictions for offenses relating to the operation of a motor vehicle while intoxicated from August 1993 and July 1991. Appellant filed a motion to quash the indictment, arguing that allowing the prior convictions to be used for enhancement under subsection 49.09(e) of the penal code, which was amended in 2001, would violate the ex post facto provisions of the state and federal constitutions. He argued that the use of the prior convictions in this case would "remove the statutory restriction placed on the enhancement use of the [prior convictions] when the underlying offenses were committed" and would "retroactively increase[] the punishment for those offenses in violation of the state and federal ex post facto clauses." The trial court denied appellant's motion to quash, and

appellant pled guilty to the charged offense. He appeals, complaining that the trial court erred in denying his motion to quash.

This Court recently addressed and rejected this same argument in *Saucedo v. State*, No. 03-06-00305-CR, 2007 Tex. App. LEXIS 4292, at *7-11 (Tex. App.—Austin May 30, 2007, no pet. h.) (mem. op., not designated for publication), following the reasoning set out by our sister court in its unpublished opinion in *Romo v. State*, No. 04-05-00602-CR, 2006 Tex. App. LEXIS 10403, at *4-5 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op., not designated for publication). *See also State v. Pieper*, No. 14-06-00368-CR, 2007 Tex. App. LEXIS 3089, at *16 (Tex. App.—Houston [14th Dist.] Apr. 24, 2007, no pet. h.) (following *Romo*). We again reject this argument for the reasons stated in *Saucedo*, *Romo*, and *Pieper*. We affirm the judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed: July 26, 2007

Do Not Publish

2